UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X

TRACY JOHNSON,

                             Plaintiff,    **COMPLAINT**

            -against-

THE CITY OF NEW YORK; WARDEN JOHN/JANE
DOE # 1; SUPERVISOR C.O. JOHN/JANE DOE #
1-2; C.O. RUSH, SHIELD # 17075; C.O.
REDONDO, SHIELD # 16094; C.O. LEDESMA,          Jury Trial Demanded
SHIELD # 13672; C.O. JOHN/JANE DOES # 1-
10 the individual defendant(s) sued
individually and in their official
capacities,

                             Defendants.

----------------------------------------- X

**PRELIMINARY STATEMENT**

        1.    This is a civil rights action in which plaintiff

seeks relief for the violation of plaintiff's rights secured by

42 U.S.C. §§ 1983 and 1988 and the fourth, Fifth, Eighth, and

Fourteenth Amendments to the United States Constitution, and the

laws of the State of New York.  Plaintiff's claims arise from an

incident that arose on or about November 20, 2015.  During the

incident, the City of New York, and members of the New York City

Department of Correction ("DOC") subjected plaintiff to, among

other things, excessive force, failure to protect, retaliation,

deliberate indifference, conspiracy, assault, battery,

negligence, intentional and negligent infliction of emotional

distress, negligent hiring, supervision, training, retention,

and instruction of employees, and implementation and
continuation of an unlawful municipal policy, practice, and
custom.  Plaintiff seeks compensatory and punitive damages,
declaratory relief, an award of costs and attorney's fees,
pursuant to 42 U.S.C. § 1988, and such other and further relief
as the Court deems just and proper.

### JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. §
1983, and the Fifth, Eighth, and Fourteenth Amendments to the
United States Constitution.  Jurisdiction is conferred upon this
Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction
of this Court pursuant to 28 U.S.C. § 1367 to hear and decide
claims arising under state law.  Plaintiff's notice of claim was
duly filed on defendant City of New York within 90 days of the
incident at issue.  More than 30 days have elapsed since such
filing and the City of New York has refused to settle
plaintiff's claims.  Moreover, this action has been filed within
one year and 90 days of the incident that is the basis of this
claim.  Plaintiff has made himself available for a 50-H hearing
and will continue to do so.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391
because some of the acts in question occurred in Bronx County,

and the City of New York is subject to personal jurisdiction in the Southern District of New York.

**<u>PARTIES</u>**

5.    Plaintiff Tracy Johnson is a resident of the State of Georgia.  At the times of the incident he was an inmate housed at the George R. Vierno Center ("GRVC") on Rikers Island, assigned Book & Case Number 44114028991.

6.    At all times referred to herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.    At all times alleged herein, defendant City of New York was the employer of the individual defendants, and was responsible for the policies, practices and customs of the DOC, and maintained and operated the GRVC, located at Rikers Island, East Elmhurst, New York.

8.    At all times alleged herein, defendant Warden John/Jane Doe # 1 was a New York City Correction Officer employed at GRVC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

9.    At all times alleged herein, defendants Supervisor C.O. John/Jane Doe # 1-2; C.O. Rush, Shield # 17075; C.O. Redondo, Shield # 16094; C.O. Ledesma, Shield # 13672; C.O. John/Jane Does # 1-10 were New York City Correction Officers

employed at GRVC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

10.   The individual defendant correction officers are sued in their individual and official capacities.

## STATEMENT OF FACTS

11.   On or about November 20, 2015 at the GRVC, correction officers and supervisors, including upon information and belief, defendants Warden John/Jane Doe # 1; Supervisor C.O. John/Jane Doe # 1-2; C.O. Rush, Shield # 17075; C.O. Redondo, Shield # 16094; C.O. Ledesma, Shield # 13672; C.O. John/Jane Does # 1-10, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

12.   On or about November 20, 2014 at approximately 7:30 p.m. a search was being held in "Building 7B, Cell #10" in the GRVC.

13.   Approximately 10 to 15 officers entered the housing area.

14.   One of the officers yelled and ordered everyone against the wall.

15.   Plaintiff immediately complied and placed his hands against the wall.

16.   When the officers came in the housing area, they threatened to "fuck everyone up".

17.    Defendant Officer Rush searched plaintiff, by patting him down, and did not find any contraband.

18.    Defendant Officer Rush then moved from plaintiff and began to search another detainee.

19.    Plaintiff continued to keep his hands against the wall.  Plaintiff was not talking or moving.

20.    Without provocation, defendant Officer Rush, punched plaintiff in the face and accused plaintiff of talking.

21.    Defendant Officer Rush then slammed plaintiff's head against the wall.

22.    Defendant Officer Rush then began to choke plaintiff from behind and took plaintiff to the ground.

23.    Plaintiff stated that he could not breathe, but defendant Officer Rush continued to choke plaintiff.

24.    While plaintiff was on the ground, being choked by defendant officer Rush, defendant Officer Ledesma grabbed plaintiff's arm and twisted it.

25.    Defendant Officer Redondo then sprayed plaintiff with a chemical agent.

26.    One of the defendant officers then placed his knee on plaintiff's back, and then placed his foot on plaintiff's groin.

27.    One of the defendant officers then kicked plaintiff in the face.

28.   The defendant officers then picked plaintiff up and took him to an empty cell.

29.   The officers who did not touch plaintiff failed to intervene and stop this beating.

30.   After being beaten, the officers who beat plaintiff and other officers acting in concert and pursuant to a conspiracy to cover up their illegal actions, prepared false reports, and notices of infraction, stating that plaintiff had committed various infractions.

31.   Plaintiff was sentenced to the "Box".

32.   The aforesaid events are not an isolated incident.  Defendants City of New York, Warden John/Jane Doe # 1, Supervisor John/Jane Does # 1-2, have been aware (from lawsuits, notices of claim and complaints) that many of the DOC's officers are insufficiently trained on the proper way to protect detainees, provide medical care, interact with detainees, and how not to act with deliberate indifference. Defendants City of New York, Warden John/Jane Doe # 1, Supervisor John/Jane Does # 1-2 are further aware that such improper conduct and training has often resulted in a deprivation of civil rights.  Despite such notice, defendants City of New York, Warden John/Jane Doe # 1, Supervisor John/Jane Does # 1-2 have failed to take corrective action.  This failure

caused the officers in the present case to violate plaintiff's civil rights.

33. Moreover, defendants City of New York, Warden John/Jane Doe # 1, Supervisor C.O. John/Jane Does # 1-2 were aware prior to the incident that C.O. Rush, Shield # 17075; C.O. Redondo, Shield # 16094; C.O. Ledesma, Shield #13672; C.O. John/Jane Does # 1-10 lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, defendants City of New York, Warden John/Jane Doe # 1, Supervisor C.O. John/Jane Does # 1-2 have retained these officers, and failed to adequately train and supervise them.

34. At all times defendant City of New York by the DOC, and its agents, servants and/or employees, negligently, carelessly, and recklessly trained the individual defendants for the position of correction officers.

35. At all times defendant City of New York by the DOC, and its agents, servants and/or employees, negligently, carelessly, and recklessly supervised, controlled, managed, maintained, and inspected the activities of the individual defendants.

36. At all times defendant City of New York by the DOC, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal,

unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

37.   At all times defendant City of New York by the DOC, and its agents, servants and/or employees negligently, carelessly, and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

38.   The occurrence(s) and injuries sustained by plaintiff, were caused solely by, and as a result of the negligent, malicious, reckless, and/or intentional conduct of defendant City of New York, and the DOC, and its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained the individual defendants.

39.   At no time did plaintiff unlawfully resist arrest or assault any detainee or officer at any time during the above incidents.

40.   Plaintiff did not engage in prohibited, suspicious, unlawful, or criminal activity prior to or during the above incidents.

41.   The individual defendants did not observe plaintiff engage in prohibited, suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

42.   At no time prior, during, or after the above incident were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in prohibited, suspicious, unlawful or criminal conduct.

43.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

44.   The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

45.   As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

## FIRST CLAIM

### (UNREASONABLE FORCE)

46.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47.   The individual defendants' use of force upon plaintiff was objectively unreasonable.

48.   The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist.

49.   Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

50.   Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SECOND CLAIM

### (42 U.S.C. § 1983 CONSPIRACY)

51.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

52.   Defendants are liable to plaintiff because they agreed to act in concert, with each other, to inflict

unconstitutional injuries; and committed overt acts done in furtherance of that goal causing damage to plaintiff.

### THIRD CLAIM

#### (ASSAULT)

53.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54.   Among other things as described above, excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

55.   Accordingly, defendants are liable to plaintiff under New York State law for assault.

### FOURTH CLAIM

#### (BATTERY)

56.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57.   Among other things as described above, defendants' failure to protect and excessive use of force against plaintiff were illegal physical contacts.

58.   Accordingly, defendants are liable to plaintiff under New York State law for battery.

### FIFTH CLAIM

#### (NEGLIGENT SUPERVISION, HIRING, SUPERVISION, MONITORING, TRAINING AND RETENTION OF UNFIT EMPLOYEES)

59.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60.   Defendant City of New York is liable to plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the DOC, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its correction officers.

### SIXTH CLAIM

**(INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

61.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

62.   That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

63.   The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

64.   The defendants breached a duty owed to plaintiff that either unreasonably endangered plaintiff's physical safety, or caused plaintiff to fear for his own safety.

## SEVENTH CLAIM

### (NEGLIGENCE)

65.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

66.   Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law, and breached that duty.

## EIGHTH CLAIM

### (FAILURE TO INTERVENE)

67.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

68.   Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

69.   Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## NINTH CLAIM

### (MONELL CLAIM)

70.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

71.   Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

72.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

73.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

74.   Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would commit the illegal acts described herein.

75.   In addition, the following are municipal policies, practices and customs: (a) acting with deliberate indifference to a risk of serious injury; (b) failing to protect individuals; and (c) covering up misconduct.

### TENTH CLAIM

**(RESPONDEAT SUPERIOR)**

76.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

77.   The individual defendants were acting within the scope of their employment as New York City Correction Officers when they committed the above described acts against plaintiff, including failing to protect, assaulting, and battering plaintiff.

78.    The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE,** plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
          February 16, 2016

ADAMS & COMMISSIONG LLP
*Attorneys for Plaintiff*
65 Broadway Suite 715
New York, NY 10006-2503
(212) 430-6590
martin@amcmlaw.com

_____
MARTIN E. ADAMS, ESQ